■ In the Matter of FRANCES MAY RANKIN, Respondent, v RUSSELL ROBERT RANKIN, Respondent, and ALEXA MARY-JEAN MATZ, Appellant. [975 NYS2d 337]—

Order, Family Court, New York County (Carol J. Goldstein, Ct. Atty. Ref.), entered on or about October 12, 2012, which denied respondent mother's motion to dismiss the petition of paternal grandmother for visitation with the subject child, and scheduled the matter for trial, unanimously affirmed, without costs.

It is undisputed that the child and the mother lived in New York since the child's birth, and that New York was the child's home state at the time of the initial custody order. It is also undisputed that New York remained the child's home state at the time the petition was filed. Thus, the court had jurisdiction to modify its initial custody order, which limited visitation to the father (*see* Domestic Relations Law §§ 76 [1] [a]; 76-a [2]). Moreover, New York retained exclusive continuing jurisdiction because no determination was made that the child, the child and one parent, or the child and a person acting as a parent lacked a significant connection to this state, that substantial evidence was no longer available in this state concerning the child's care, protection, training and personal relationships, or that the child and the parent lived in another state, since the mother and the child did not move to Florida until after the petition was filed (*see* Domestic Relations Law § 76-a [1] [a]).

The court properly exercised its discretion to retain jurisdiction over the parties after they moved to other states because the mother failed to sustain her burden of demonstrating that public or private interests militated against the litigation going forward in this state (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]), where an alternative forum was unavailable to the petitioner grandmother. Concur—Andrias, J.P., Friedman, Richter, Manzanet-Daniels and Feinman, JJ.